# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| SCOTT SANDERS and LISA SANDERS,<br><br>Plaintiffs,<br>v.<br><br>BRUCE ETHINGTON and MOUNTAIN AMERICA FEDERAL CREDIT UNION,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:10-cv-00183DAK |

This matter comes before the court on Mountain America Federal Credit Union's ("MACU") Motion for Judgment on the Pleadings to dismiss the claims of Scott and Lisa Sanders (collectively "plaintiffs" or "Sanders") for failure to allege facts that entitle them to relief. Also before the court is the Sanders' Motion to Amend the Complaint. A hearing on both motions was held on October 5, 2010. At the hearing, plaintiffs were represented by Matthew Wadsworth and defendant MACU was represented by Joseph A. Skinner. Defendant Bruce Ethington's counsel, Gregory J. Sanders (no relation to the plaintiffs), was present at the hearing but did not participate. Before the hearing, the court carefully considered the memoranda submitted by the parties. Having heard arguments and further considered the law and facts relating to these motions, the court GRANTS Defendant's Motion for Judgment on the Pleadings. Because all federal claims are dismissed, the court no longer has subject matter jurisdiction and the state law claim against defendant Ethington is dismissed, without prejudice,

for lack of supplemental jurisdiction. In support of this ruling, the court renders the following Memorandum Decision and Order.

## I. BACKGROUND[1]

This case arises out of a refinance and request for loan modification. For purposes of this motion, all allegations in the complaint are taken as true. The Sanders purchased their current home on October 10, 2006. The original loan was serviced through CitiWide Home Loans, and the Sanders began preparing to refinance with CitiWide in April 2007. Sometime between the first credit check on April 6, 2007, and the second credit check on May 5, 2007, Salt Lake City Credit Union ("SLCCU") reported twelve new, maxed-out accounts on the Sanders' credit which, according to the Sanders, destroyed the Sanders' credit and made it impossible to refinance with CitiWide. The relationship between the Sanders and SLCCU is not clear, however, after being confronted, SLCCU apologized for the misreporting, offered to fix the Sanders' credit, and offered to make amends by providing the Sanders with a "free" refinance. Despite this promise, SLCCU did not fix the credit report until two years later, which prevented the Sanders from shopping interest rates with other banks and forced the Sanders to accept SLCCU's loan and a higher-than-market-value interest rate.

When the loan closed on July 6, 2007, the Sanders signed an acknowledgement that they each received two copies of the Notice of Right to Cancel. However, they now claim that they each received only one copy of the notice. The Sanders also claim that at the closing on July 6, 2007, they were required to sign a "Customer's Statement of Non-Rescission," and to post-date it as July 11, 2007. The Sanders understood that if they did not sign and date the documents as instructed by the escrow officer, their loan would be denied. During oral argument, the Sanders

---

[1] The pending motion for judgment on the pleadings is to dismiss only those claims against Defendant Mountain America Federal Credit Union; accordingly, this background section will not include allegations against Mr. Ethington.

added an allegation that SLCCU also failed to disclose that Dovenmuhele, rather than SLCCU, was the servicer of the loan. The Sanders allege that MACU is liable for SLCCU's actions because at some point prior to December 2008, SLCCU merged with MACU.

In December 2008, MACU informed the Sanders that despite their timely house payments, their escrow account was $1,289.64 short and that they would need to make increased payments to make up the difference. The Sanders allege that this shortage was a result of MACU's mismanagement of the escrow account, and that this mismanagement caused the Sanders to default on their loan. The Sanders claim that they completed an application for a loan modification in March 2009 by calling MACU and providing their "income, assets, work history, budget, etc" over the phone. MACU denied their request in the same phone call.

Based on these facts, the Complaint alleges violations of the following federal statutory provisions: Truth in Lending Act ("TILA"), 15 U.S.C. § 1635; Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691; Real Estate Settlement and Procedure Act ("RESPA"), 12 U.S.C. §§ 2605, 2607, 2609; Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681; and Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C § 1601. The Sanders also bring state claims of negligence, and violations state statutes regarding appraisals. During oral argument, counsel for the Sanders agreed that these state claims only applied to Defendant Ethington, and not MACU.

## II. STANDARD OF REVIEW

MACU filed a Motion for Judgment on the Pleadings, pursuant to Federal Rule of Civil Procedure 12(c), seeking to dismiss all claims against it. "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank,* 226 F.3d 1138, 1160 (10th Cir. 2000) (citations omitted). Thus, the

3

court accepts all allegations in the complaint as true and draws all reasonable inferences in a light most favorable to the non-moving party. *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2000). A motion for judgment on the pleadings will not be granted "'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Id.* (quotation omitted).

### III. DISCUSSION

A. TILA Claims

The Sanders allege that SLCCU violated TILA by not providing them each with two copies of the notice of right to rescind, by requiring them to sign a statement of non-rescission on the day of closing, and by not disclosing that Dovenmuhle was the loan servicer. MACU argues that the Sanders' damages claims are time-barred because 15 U.S.C. § 1640 provides a one-year statute of limitations for TILA violations. In addition, it argues that the Sanders cannot rescind the loan because they failed to rescind in three days and have not shown their ability to tender the loan proceeds. The Sanders argue that SLCCU's acts of placing the twelve false credit lines and requiring the Sanders to sign a statement of non-rescission on the day they acknowledged their right to rescind constitute fraud which is sufficient to toll the statute of limitations. They claim that they have three years to rescind the loan. They additionally argue that under TILA, they are not required to tender the loan proceeds, or in the alternative, that conveying the property to MACU fulfills the tender requirement.

The court agrees that the Sanders damages claims under TILA are time-barred. 15 U.S.C. § 1640(e) clearly places a one-year time limit on a private person's ability to bring a damages claim for TILA violations. In addition, the Sanders have not alleged fraud sufficient to toll the statute of limitations. In Utah, fraud requires all of the following elements: "(1) a

4

representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage." *Dugan v. Jones*, 615 P.2d 1239, 1246 (Utah 1980)(citations omitted). The Sanders have not alleged that SLCCU or MACU made a false representation to induce them to refinance their home. The Sanders were aware of the false credit lines and when confronted, SLCCU did not deny the fact. The Sanders allege that they were forced to sign the Statement of Non-Rescission in order to close on the loan. This appears to be an allegation of duress, but duress is not the same as fraud and will not toll the statute of limitations. Federal Rule of Civil Procedure 9(b) requires claims of fraud to be alleged "with particularity." Even taking all of the Sanders' allegations as true, they have not clearly pled facts that would support a fraud claim and toll the statute. Thus the Sanders damages claims under TILA are dismissed.

The Sanders' rescission claim is also dismissed. 15 U.S.C. § 1635(b) and 12 C.F.R. 226.23 ("Regulation Z") set forth the rescission process. Regulation Z states:

(d) Effects of rescission.

(1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

(2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

(3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money

or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value.

(4) The procedures outlined in paragraphs (d) (2) and (3) of this section may be modified by court order.

12 C.F.R. 226.23(d). While the statute does not make repayment of the loan proceeds a prerequisite for rescission, it does allow courts "'at any time during the rescission process, [to] impose equitable conditions to insure that the consumer meets his obligations after the creditor has performed his obligations as required by the act.'" *Williams v. Homestake Mortgage Co.*, 968 F.2d 1137, 1141 (11th Cir. 1992) (quoting S. Rep. No. 96-368, at 28 (1980) *reprinted in* 1980 U.S.C.C.A.N. 236, 265). Although the Tenth Circuit has not addressed this issue[2], numerous other circuits have held that a reasonable equitable condition is to require a borrower to allege and prove ability to pay back the loan as a prerequisite to rescission. *See e.g. Jobe v. Argent Mortgage Co.*, 373 Fed. Appx. 260, 262 (3d Cir. 2010) (holding that even if the lender violated TILA, rescission was inappropriate because the borrowers were unable to return the money); *Am. Mortgage Network, Inc. v. Shelton*, 486 F.3d 815, 820–21 (4th Cir. 2007) (holding that rescission was inappropriate because the borrowers were unable to repay the loan); *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1173 (9th Cir. 2003) (holding that a district court did not abuse its discretion in a TILA case when it required the borrower to show her ability to repay the loan proceeds); *Williams v. Homestake Mortg. Co.*, 968 F.2d 1137, 1142 (11th Cir. 1992) (holding that the court could impose conditions on rescission, and instructing the district court to take into account whether the borrower could repay the principal).

In the present case, allowing the Sanders to rescind the loan simply by stating their intent to rescind would place MACU in the position of an unsecured creditor. Thus equity requires that

---

[2] *See Smith v. Argent Mortgage Co.*, 331 Fed. Appx. 549, 557 n. 5 (10th Cir. 2009) (stating that the Tenth Circuit has not yet "adopted this equitable restriction [(ie requiring a borrower to prove ability to pay)] on a borrower's rescission right under TILA").

6

the Sanders allege their ability to repay the loan amount. The Sanders have not alleged their ability to repay the loan. Instead, they claim that they satisfied this equitable requirement by alleging their ability and willingness to convey the property to MACU because the property itself constitutes the "loan proceeds." This novel argument fails. In the transaction between the Sanders and SLCCU, the loan proceeds are the amount of money that SLCCU gave the Sanders in return for a mortgage interest in the Sanders' house. The Sanders received money, not a house. Their argument that a borrower can meet the repayment requirement by conveying the property instead of repaying the loan is not supported by case law. Because the Sanders' have not alleged their ability to repay the loan, their rescission claim fails and must be dismissed.

   B. ECOA Claims

The Sanders' allege that MACU violated ECOA by 1) mismanaging their escrow account and causing them to go into default; 2) discriminating against them in denying their loan modification request; and 3) failing to issue the notice of adverse action as required by 15 U.S.C. § 1691(d). MACU moves to dismiss the first two claims because the Sanders do not allege any prohibited type of discrimination; MACU moves to dismiss the third claim because the Sanders did not submit a "complete" application which would trigger the notice of adverse action requirement. The Sanders do not address their discrimination claims, but allege that whether their application for a loan modification was "complete" is a question of fact.

The Sanders' failure to oppose dismissal of their discrimination claims assumes that they are willing to waive them. Even if they are not waived, however, they do not survive a motion for judgment on the pleadings. Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a plaintiff is required to do more than make bald assertions. "[A] formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to

relief above the speculative level." *Id.* at 555. In the present case, the Sanders' complaint does not allege any prohibited type of discrimination – race, color, religion, national origin, sex or marital status, or age[3] – rather, they simply claim that the denial of their loan modification application was discriminatory. This is merely a "recitation of the elements" of an ECOA discrimination claim and must be dismissed.

Regarding the failure to provide notice of adverse action, 15 U.S.C. § 1691(d) and 12 C.F.R. 202.9(a) only require notice of adverse action after the creditor receives a "completed application." 12 C.F.R. 202.2(f) defines a completed application as "an application in connection with which a creditor has received all the information that the creditor regularly obtains and considers in evaluating applications for the amount and type of credit requested." This definition gives each creditor the latitude to decide what documents it will require in considering a credit application. The Sanders allege that they submitted all the required information in a single phone call. They claim to have provided income, assets, work history, and budget information. Although a *complete* list of what MACU "regularly obtains and considers in evaluating" real estate loan applications, is a fact question, the Sanders do not allege to have provided a credit report or appraisal which certainly would be required in evaluating a real estate loan or loan modification. Because the Sanders do not allege to have submitted these critical documents, their application could not have been "complete," MACU was not required to provide a notice of adverse action, and the ECOA claim is dismissed. *See also Riggs Nat'l Bank v. Webster*, 832 F. Supp. 147, 150 (granting a motion to dismiss an ECOA claim because it was undisputed that the creditor had not received the property appraisals by the time the borrowers alleged to have completed their application).

---

[3] 15 U.S.C. § 1691(a)(1).

8

C. RESPA Claims

During oral argument, counsel for the Sanders agreed that there is no private right of action for their RESPA claims. Therefore these claims are dismissed.

D. FCRA and FACTA Claims

The Sanders allege that SLCCU's placement of twelve false credit lines on their credit report violated FCRA and FACTA. MACU argues that this claim should be dismissed because 15 U.S.C. § 1681s(b) is the only provision that gives the Sanders a private right of action and they have failed to take the steps necessary to pursue that right. The Sanders' brief does not address these arguments. The Sanders' failure to oppose the motion to dismiss their FCRA and FACTA claims assumes they are willing to waive them. Even if they are not waived, however, they do not survive a motion for judgment on the pleadings.

15 U.S.C. § 1681s-2(a) establishes various duties for institutions, like SLCCU, which provide information to credit reporting agencies ("CRAs") including: provide accurate information, provide notice of disputes, investigate possible errors, and take steps to correct errors. Sections 1681n and 1681o create a private cause of action for any willful or negligent violation of Section 1681. However, Section 1681s-2(c) limits that liability by stating that Sections 1681n and 1681o "do not apply to any violation of subsection (a) of this section." In addition, Section 1681s-2(d) states that 1681s-2(a) is to be "enforced exclusively as provided under section 621 [15 U.S.C. § 1681s] by the Federal agencies and officials and the State officials." Thus, although there is no dispute about the inaccuracy of the twelve new credit lines, and the Sanders have alleged that SLCCU failed to investigate or correct the error in a timely fashion, they have no cause of action under Section 1681s-2(a). *See also Pinson v. Equifax Credit Info. Servs., Inc.*, 316 Fed. Appx. 744, 751 (10th Cir. 2009); *Nelson v. Chase Manhattan*

9

*Mortgage*, *Corp.*, 282 F.3d 1057 (9th Cir. 2002); *Greene v. Capital One Bank*, 2008 U.S. Dist. LEXIS 33524, at *2 (D. Utah April 23, 2008).

The Sanders also have no claim under Section 1681s-2(b), which sets forth the duties of a furnisher of information, such as SLCCU, after receiving notice of dispute "pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)]." Unlike Section 1681s-2(a), Section 1681s-2(c) does not limit liability for violations of subsection (b); however, the duties, and hence liability, arise only after an institution receives notice from a CRA. A consumer who directly notifies the institution of an error cannot sue under Section 1681s-2(b). *See Pinson v. Equifax Credit Info. Servs., Inc.*, 316 Fed. Appx. 744, 751 (10th Cir. 2009) (holding that "Section 1681s-2(b) duties to not arise when the consumer himself gives notice of a dispute directly to the furnisher of information); *Jensen v. America's Wholesale Lender*, 2010 U.S. Dist. LEXIS 67777, at *13 (D. Utah July 8, 2010) (same); *Greene v. Capital One Bank*, 2008 U.S. Dist. LEXIS 33524, at *8 (D. Utah April 23, 2008) (same); *Chiang v. Verizon New England, Inc.*, 595 F.3d 26, 35 (1st Cir. 2010) (holding that a consumer "has no private right of action if the furnisher does not reasonably investigate the consumer's claim after direct notification [from the consumer]"); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (citations omitted) (holding that "notice of a dispute received directly from the consumer does not trigger furnishers' duties under [Section 1681s-2(b)]").

## IV. PLAINTIFFS' MOTION TO AMEND

The Sanders move to amend their complaint to: 1) add claims against MACU under 15 U.S.C. §§ 1681s-2, 1681o, and 1681n; 2) add state law claims of libel and slander against MACU; and 3) revise their state law claim against Ethington. MACU argues that this motion should be denied because the new claims would not survive a motion to dismiss and because

allowing the claims would cause them unfair prejudice. The Sanders argue that their proposed changes only "fill out" their previously alleged FACTA and FCRA claims; the Sanders do not address MACU's argument against allowing the additional state law claims.

Although leave to amend is generally freely granted, refusing such leave is justified when a party's proposed amendments fail to cure deficiencies or would be futile. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). As discussed above, the Sanders do not have a private right of action under 15 U.S.C. §§ 1681s-2, 1681o or 1681n; thus, their amendment to add more specific claims under these sections would not survive a motion to dismiss. Because dismissal of all federal claims strips the court of supplemental jurisdiction over the state law causes of action, the court need not consider whether the Sanders should be allowed to amend their state law claims.

## V. CONCLUSION

As set forth above, Defendant MACU's Motion for Judgment on the Pleadings is GRANTED and the Sanders' Motion to Amend the Complaint is DENIED. The federal claims against MACU are dismissed with prejudice. Because dismissal of the federal claims leaves this court without subject matter jurisdiction over the state law causes of action, the state law claim against Ethington is dismissed, without prejudice.

DATED this 15th day of December, 2010.

_____
DALE A. KIMBALL,
United Sates District Judge