IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SCOTT SANDERS and LISA SANDERS,<br><br>Plaintiffs,<br>v.<br><br>BRUCE ETHINGTON and MOUNTAIN AMERICA FEDERAL CREDIT UNION,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:10-cv-00183DAK |

This matter was remanded from the Tenth Circuit on August 21, 2012. In February 2013, the court held a status conference with the attorneys because no activity had occurred in the case after remand. At the status conference, Defendants contended that the case was moot and should be closed. Plaintiffs, however, sought the opportunity to brief a legal issue with regard to the remaining TILA rescission claim, which their counsel believed would resolve the case. Both parties have filed memoranda with respect to the status of the TILA rescission cause of action.

Defendant continues to believe that the TILA cause of action is moot because rescission is allegedly impossible. Plaintiffs, however, assert that Defendants should be held accountable for their violations of TILA and they are entitled to monetary relief. The court is not actually in a position to determine whether rescission is impossible. In fact, there is no evidence before the court that rescission is required or available.

Under TILA, creditors are required to give consumers two copies of a disclosure advising them about the right of rescission. 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b)(1). Plaintiffs

allege in their Complaint that Mountain America provided only one copy of the required disclosures. This court dismissed Plaintiffs' TILA claim as a matter of law based on law requiring consumers to plead the ability to repay. The Tenth Circuit declined to follow such law and reversed this court's dismissal. The case has never progressed past the motion to dismiss stage. At this stage of the litigation, there is no evidence that there has been a TILA violation. There is only an allegation of a violation. Although Plaintiffs' allegations in the Complaint were assumed true in considering the motion for judgment on the pleadings, the court cannot assume such allegations to be true when Plaintiffs seek relief on their claims. The parties must engage in discovery on the TILA claim and provide evidence to the court that there has been a TILA violation and rescission is available. The court also notes that the parties dispute whether violations occurred during the rescission process. Plaintiffs contend that they were forcibly removed and Defendants deny those allegations. The court cannot make rulings based only on arguments from counsel.

Because there is no evidence before the court establishing a violation of TILA, the court cannot determine what remedies may be available to either party or whether such remedies are moot. Accordingly, the court orders that the parties should proceed to discovery on the TILA claim. The parties should contact Magistrate Judge Evelyn Furse's chambers regarding the scheduling of an Initial Pretrial Conference and the filing of an Attorney Planning Meeting Report.

DATED this 12th day of July, 2013.

_____
DALE A. KIMBALL,
United Sates District Judge